UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

SEAN THOMAS DUNGEY,  Case No. 16-21600-dob
    Debtor.  Chapter 13 Proceeding
                                      /  Hon. Daniel S. Opperman

## OPINION REGARDING APPLICATION FOR COMPENSATION OF VEHICLE APPRAISER DAVE PILIPOVICH

The Chapter 13 Trustee, Thomas McDonald, ("Trustee") seeks authority to pay $200.00 to Dave Pilipovich for the appraisal of a 2010 Dodge Ram owned by the Debtor, which is security for obligations owed to Saginaw Medical Federal Credit Union ("Saginaw Medical"). The Trustee employed Mr. Pilipovich because he believed it was necessary to have an expert opinion regarding the value of the 2010 Dodge Ram as Saginaw Medical filed two Proofs of Claim indicating that the 2010 Dodge Ram was sufficient security for both loans. Saginaw Medical objects to the Application for Compensation ("Application") and indicates that had the Trustee contacted it prior to employing Mr. Pilipovich, Saginaw Medical would have modified one of its claims. After reviewing the entire record of this matter, while the Court notes that the position taken by Saginaw Medical is sound in principle, the facts do not support this position and therefore the Court overrules the objection of Saginaw Medical and approves the Application for Compensation of Mr. Pilipovich.

### Findings of Fact

The Court makes the following findings of fact based on papers filed with the Court, arguments in open court regarding the Application and the review of various hearings identified in this Opinion regarding confirmation of the Debtor's Plan.

1

The Debtor's Chapter 13 proceeding has been challenging. The Debtor's Chapter 13 Plan filed on September 19, 2016, was objected to by the Trustee in part because of difficulties the Debtor had with the Internal Revenue Service. Although the initial confirmation hearing was set for October 27, 2016, the Trustee's objections, as amended, required that the confirmation hearing be adjourned to December 8, 2016. The confirmation hearing was adjourned again to February 9, 2017. On January 23, 2017, Saginaw Medical filed a Motion for Relief from Stay because it claimed that the plan payments were inadequate to adequately protect its interest. The Debtor timely responded to the Motion for Relief from Stay, and the matter was set for hearing on February 23, 2017.

In all versions of the Debtor's Chapter 13 Plan, the Debtor valued the 2010 Dodge Ram at the full amount that the Debtor believed he owed to Saginaw Medical. As Debtor's counsel subsequently explained through the confirmation hearing process, the Debtor believed that his obligations to Saginaw Medical were "910" claims in that the obligation incurred by the Debtor to Saginaw Medical was entered into within 910 days of the Debtor's petition and therefore entitled to priority under 11 U.S.C. § 1325(a)(9). In the Debtor's eyes, since he needed to pay Saginaw Medical in full, the value of the 2010 Dodge Ram was not relevant to him.

The amounts owed to Saginaw Medical are evidenced by two notes attached to Proof of Claim Nos. 7 and 8 filed with this Court. Claim No. 8 in the amount of $21,364.56 clearly set forth the necessary documents supporting Saginaw Medical's 910 status. Claim No. 7, however, was a Visa credit card obligation that was cross-collateralized with other collateral securing other obligations owed by the Debtor to Saginaw Medical. This claim, in the amount of $974.80 and not entitled to Section 1325(a)(9) protection, came into focus in February, 2017.

At the February 9, 2017 hearing regarding confirmation of the Debtor's Amended Chapter

2

13 Plan, the Trustee raised the issue of the value of the 2010 Dodge Ram. The Trustee's review indicated that the 2010 Dodge Ram was worth $13,657.00, significantly less than the $22,339.36 claimed by Saginaw Medical or the $23,280.00 provided for Saginaw Medical in the Debtor's Chapter 13 Plan. The issue of the value of 2010 Dodge Ram, however, was not the major issue at the February 9, 2017, hearing. Instead, the Debtor still had issues regarding the best interests of creditors test, as well as treatment of the tax obligations. Counsel for Saginaw Medical was concerned as to the issue of insurance and whether adequate protection payments needed to be increased, but since the Chapter 13 Plan was not ready to be confirmed on February 9, 2017, and the Motion for Relief from Stay of Saginaw Medical was set for hearing for February 23, 2017, confirmation was adjourned to February 23, 2017. Anyone who attended the February 9, 2017, hearing knew that the Trustee had a question about the value of the 2010 Dodge Ram.

The issue of the value of the 2010 Dodge Ram was clearly in focus at the February 23, 2017, confirmation hearing. While the Debtor did not wish to be involved in any issue regarding the cramdown of the Saginaw Medical obligation, the Trustee indicated that he believed the value of the 2010 Dodge Ram was significantly less than the amount owed to Saginaw Medical as to Claim No. 7. The proposed method to resolve this issue was to indicate in an order confirming plan that Saginaw Medical's two claims would be acknowledged, subject to the right of the Trustee to object to the claim of Saginaw Medical. On repeated occasions on February 23, 2017, counsel for Saginaw Medical indicated that he had no problem with the Trustee filing an objection to the claim of Saginaw Medical. The confirmation issues were ultimately resolved by the parties presenting an Order Confirming Plan acknowledging the position of Saginaw Medical, but allowing the Trustee to object to Saginaw Medical's claims.

In order to do so, the Trustee had to hire a professional to support the Trustee's rough estimate of the value of the 2010 Dodge Ram. To that end, the Trustee contacted Mr. Pilipovich, obtained approval of the United States Trustee to employ Mr. Pilipovich, and then filed an Ex Parte Application for Approval of Employment of Vehicle Appraiser Dave Pilipovich. This Ex Parte Application for Approval was filed on March 3, 2017, and an Order Approving Employment of Mr. Pilipovich was signed the same day. This procedure is common. The Trustee routinely hires Mr. Pilipovich to give him an opinion about the value of cars that can be admitted as an expert's opinion at an evidentiary hearing. On April 10, 2017, the Trustee filed a Memorandum reporting the value of the 2010 Dodge Ram as evaluated by Mr. Pilipovich and on April 11, 2017, the Trustee filed an objection to Claim No. 7 of Saginaw Medical. Saginaw Medical did not contest the Trustee's objection, and the Court signed an Order Sustaining the Trustee's objection on June 17, 2017.

As for the instant Application for Compensation, there is no disagreement that Mr. Pilipovich earned $200.00. Instead, Saginaw Medical argues that the vehicle appraisal was not necessary as it would have agreed to relinquish its claim had the Trustee contacted Saginaw Medical's counsel.

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate).

<u>Analysis</u>

Saginaw Medical may indeed be correct that Mr. Pilipovich's appraisal was unnecessary. At the February 23, 2017, confirmation hearing, however, counsel for Saginaw Medical repeatedly indicated that he had no problem with the Trustee filing an objection to the Proof of Claim of

4

16-21600-dob    Doc 57    Filed 08/04/17    Entered 08/04/17 13:59:44    Page 4 of 7

Saginaw Medical. In order to file a meaningful objection that avoids Rule 9011 sanctions, the Trustee was required to retain a professional to give him an opinion as to the value of the 2010 Dodge Ram. The Trustee did exactly that. After receiving the appraisal report, the Trustee filed an objection the next day, which Saginaw Medical did not contest.

Saginaw Medical argues that the Trustee should have contacted Saginaw Medical's counsel one more time to confirm that Saginaw Medical would not withdraw the secured status of Claim No. 7. Given the position of Saginaw Medical's counsel as late as the February 23, 2017, hearing when the issue of the value of the 2010 Dodge Ram was in full focus, it strikes this Court as being unnecessary for the Trustee to do so. There was no offer at this hearing that Saginaw Medical would amend its claims or otherwise step away from its claims. Perhaps a better time for the respective parties to discuss this matter would have been shortly after Mr. Pilipovich was approved as a vehicle appraiser on March 3, 2017, as by that time Saginaw Medical would have had notice that the Trustee intended to follow up on his stated course of action at the February 9 and February 23, 2017, hearings. That said, contrary to arguments made by the Trustee on July 20, 2017, notice of the Application for compensation was not circulated among creditors as this Application was entered on an ex parte basis. The Order Approving Employment, however, was certainly made known to Saginaw Medical's counsel by virtue of the CM/ECF system in place.

The positions staked out by Saginaw Medical at the February 23, 2017, confirmation hearing leaves no doubt in this Court's mind that Saginaw Medical knew that the Trustee would object to its claim. Also, to object to this claim, Saginaw Medical would know that the Trustee would employ Mr. Pilipovich as he has on numerous occasions in similar situations. If Saginaw Medical wanted to avoid this cost, either a short discussion immediately after the February 23, 2017, confirmation hearing or shortly after the Order Approving Employment of Mr. Pilipovich as a vehicle appraiser would have been useful. Also, Saginaw Medical could have amended its claims to renounce its

secured status and claim unsecured status instead. Since none of these possibilities occurred, the Court overrules the objection of Saginaw Medical and approves the compensation of Mr. Pilipovich.

The Chapter 13 Trustee is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Not for Publication**

**Signed on August 04, 2017**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**